## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL DAWN DIXON, a minor child by and through her natural mother and MISTY ATKINSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:03CV496 |
| vs. | ) ) | ORDER |
| CRETE MEDICAL CLINIC, P.C., et al., | ) ) | |
| Defendants. | ) | |

This matter is before the Court on the defendants', Crete Medical Center, P.C., Russell Ebke, M.D., Crete Memorial Hospital and Crete Area Medical Center, motion to compel (Filing No. 91). The moving defendants attached several exhibits to the motion.[1] In the motion, the movants seek an order compelling the plaintiff Misty Atkinson to sign release forms for the medical records for Angel Dixon. The plaintiffs did not respond to the motion.

On April 27, 2004, the movants served the plaintiffs with defendants' second request for production of documents. **See** Filing No. 30 (certificate of service). In the request, the defendants sought "[e]xecuted copies of five, HIPAA-compliant consent forms, copies of which are attached, in order for defendants to obtain plaintiff's records from providers in states other than Nebraska." **See** Filing No. 91, Exhibit B. On May 12, 2004, the plaintiffs responded. The plaintiffs objected to the request as "duplicative" because the medical records would be produced pursuant to other requests. Further, the plaintiffs stated that under Rule 34, there is no requirement to sign the HIPAA forms. **See *id.*,** Exhibit C. However, the plaintiffs' cover letter states, "If you have any problems with the medical authorizations you sent out, let me know and we will sign HIPAA forms for your use." *Id.* On August 2, 2004, the movants informed the plaintiff that two hospitals would not provide the medical records requested without the consent forms, referencing the request for production. **See *id.*,** Exhibit D. The plaintiffs did not respond to the August 2 letter. The movants sent follow-up letters on December 14, 2004 and February 18, 2005, without response from the plaintiffs. **See *id.*,**

---

[1] The moving defendants are reminded that evidentiary materials shall be filed separately with an index listing each item of evidence. **See** NECivR 7.1(a)(2).

Exhibits E and F. The defendants argue the plaintiffs' medical history is in dispute in this litigation and the disclosure of medical records is reasonably necessary to determine the extent of any claimed injuries.

The moving defendants have sought the subject medical records by subpoena from the out of state hospitals without success. Additionally, the moving defendants served the plaintiffs with requests for production of the documents, themselves, and alternatively for signed consent forms so the defendants could obtain the records. The moving defendants have attempted to obtain the records for nearly one year. Pursuant to Federal Rule of Civil Procedure 34, the plaintiffs have the burden of production within thirty days of the request, unless the plaintiffs object to the request. In this matter, the plaintiffs objected, however noted production of the underlying documents were already required. Although, the request for signed consent forms may be duplicative, the underlying documents were never produced. Accordingly, the plaintiffs shall either produce the medical records from Jennie Edmundson Hospital, Denver Childrens' Hospital and Rose Medical Center or sign the requested consent forms. Additionally, the plaintiffs shall show cause why sanctions should not be imposed for the untimely production pursuant to Fed. R. Civ. P. 37(a)(4)(A). Upon consideration,

**IT IS ORDERED:**

1. Crete Medical Center, P.C., Russell Ebke, M.D., Crete Memorial Hospital and Crete Area Medical Center's motion to compel (Filing No. 91) is granted.

2. The plaintiffs shall either produce the medical records from Jennie Edmundson Hospital, Denver Childrens' Hospital and Rose Medical Center or sign the requested consent forms **on or before May 5, 2005**. At the time of production, the plaintiffs shall file a certificate of service, pursuant to NECivR 34.1(b), as evidence of such compliance.

3. The plaintiffs shall have to **on or before May 9, 2005**, to show cause why sanctions should not be imposed for failure to timely the produce the requested discovery pursuant to Fed. R. Civ. P. 37(a)(4)(A).

DATED this 18th day of April, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge