IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL DAWN DIXON, a minor child by and through her natural mother and MISTY ATKINSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:03CV496 |
| vs. | ) ) | ORDER |
| CRETE MEDICAL CLINIC, P.C., et al., | ) ) | |
| Defendants. | ) | |

  This matter is before the court on the plaintiffs' response (Filing No. 107) to this court's April 18, 2005 show cause order (Filing No. 93). The defendants did not file a reply to the plaintiffs' declaration.

  In the April 18, 2005 order, the court granted the defendants', Crete Medical Center, P.C., Russell Ebke, M.D., Crete Memorial Hospital and Crete Area Medical Center, motion to compel the plaintiff Misty Atkinson to sign release forms for the medical records for Angel Dixon (Filing No. 91). The defendants' motion was based upon earlier served requests for production. The plaintiffs objected to the requests arguing that such requests were duplicative and that Rule 34 did not require signed release forms. However, the plaintiffs then sent correspondence stating they would be willing to sign HIPAA-compliant consent forms if the defendants were otherwise unable to obtain the records. The subject hospitals would not produce the subpoenaed documents, about which the defendants notified the plaintiffs without response. The defendants spent in excess of one year waiting for the requested documents. The plaintiffs filed no response to the motion to compel. The court required the plaintiffs to either produce the medical records from Jennie Edmundson Hospital, Denver Childrens' Hospital and Rose Medical Center or sign the requested consent forms. The plaintiffs filed a notice of service for the consent forms on May 4, 2005. **See** Filing No. 102.

  The plaintiffs' failure to provide either the medical records or requested consent forms pursuant to Federal Rule of Civil Procedure 34 prompted the defendants to file the disputed

motion to compel. The plaintiffs had repeatedly failed to timely respond to discovery requests and attempts by defendants' counsel to either clarify or obtain discovery. **See** Filing No. 70 (regarding failure to timely designate expert witnesses) and Filing No. 93 (for history of failure to communicate with counsel or comply with discovery). Accordingly, the court required the plaintiffs to show substantial and legal justification for the failure to provide timely production. **See** Fed. R. Civ. P. 37(a)(4)(A).

> Federal Rule of Civil Procedure 37(a)(2)(B) provides that:
>> if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

Fed. R. Civ. P. 37(a)(2)(B).

Furthermore, Rule 37(a)(4)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel is filed, sanctions shall be awarded to the moving party absent a showing of good cause for the nondisclosure by the opposing party. **See** Fed. R. Civ. P. 37(a)(4)(A). "A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" ***Aziz v. Wright***, 34 F.3d 587, 589 (8th Cir. 1994). "Rule 37 sanctions are to be applied diligently." **In re *Stauffer Seeds, Inc.***, 817 F.2d 47, 49 (8th Cir. 1987). Where the producing party's actions necessitate the motion to compel, or where their objections and failure to respond are not substantially justified, an award of sanctions is appropriate. ***Starcher v. Corr. Med. Sys.*, Inc.**, 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. ***Rickels v. City of South Bend***, 33 F.3d 785, 787 (7th Cir. 1994).

"[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." ***Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.***, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). "To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion

practice." ***Illinois Tool***, 43 F. Supp. 2d at 960. Furthermore, "[u]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion." ***Id.***

In determining whether a party's refusal or failure to timely provide discovery responses is "substantially justified," as required under Rule 37(a)(4), the court looks to whether or not there was a good reason to withhold the discovery. One court has described "substantially justified" as follows.

> There is no bright line standard for "substantial justification," and courts must use discretion when deciding whether opposition to a motion to compel is substantially justified. "Whether opposition to a motion to compel is substantially justified depends on the circumstances of the particular case." However, courts have generally focused on "the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery," when determining whether opposition is substantially justified.

***Brown v. State of Iowa***, 152 F.R.D. 168, 173 (S.D. Iowa 1993) (internal citations omitted). The Advisory Committee Notes to the 1970 Amendments to Rule 37 indicate that, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court." **See** Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes (1970). "[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." ***Id.***

The plaintiffs have been afforded an opportunity to be heard, in accordance with Rule 37(a)(4)(A). In their response, the plaintiffs argue sanctions should not be imposed because the plaintiffs have now complied with the court's April 18, 2005 order. Additionally, the plaintiffs contend the objection to the request for production was valid; the HIPAA release caused the plaintiffs to relinquish important rights; the defendants had other means to obtain the medical records; the defendants have lodged objections and sought extensions in response to the plaintiffs' discovery.

The court finds the plaintiffs have failed to show substantial or legal justification for their failure to produce the requested discovery. Although the plaintiffs initially objected to the

discovery request, the plaintiffs later waived the objections by 1) agreeing to provide the discovery requested and 2) failing to meet their burden showing the objections to discovery were valid by opposing the motion to compel.  See **St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.**, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000).  Therefore, even if the plaintiffs' initial objections were valid, the plaintiff waived those objections.  Further, the plaintiffs placed their medical records at issue by initiating the instant litigation regarding the plaintiffs' medical care and the defendants did unsuccessfully attempt to obtain the medical records through other means.  Finally, any alleged discovery misconduct by the defendants, which has been resolved without court involvement, does not excuse the plaintiffs' conduct in this instance.  Accordingly, none of the reasons given by the plaintiffs' provide substantial or legal justifications for failure to comply with the discovery requests.

The plaintiffs disregarded their duty under the rules and failed to provide substantial and legal justification for such actions.  The plaintiffs' conduct required the defendants to file a motion to compel causing unnecessary expense, delay, and court intervention.  Therefore, under the circumstances, the court will require the plaintiffs to pay the expense to the defendants, Crete Medical Center, P.C., Russell Ebke, M.D., Crete Memorial Hospital and Crete Area Medical Center, for their filing of the March 29, 2005 motion to compel.  Upon consideration,

**IT IS ORDERED:**

1.   The defendants, Crete Medical Center, P.C., Russell Ebke, M.D., Crete Memorial Hospital and Crete Area Medical Center, are awarded their reasonable costs and attorney's fees in bringing the motion to compel (Filing No. 91).

2.   Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before July 12, 2005,** a stipulation of the costs and fees to be awarded.  In the event the parties fail to reach an agreement, the defendants may file **on or before July 12, 2005,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4.  The plaintiffs shall

have **until on or before July 26, 2005,** to respond to the defendants' application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

DATED this 27th day of June, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge