# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL DAWN DIXON, a minor child by and through her natural mother and MISTY ATKINSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:03CV496 |
| vs. | ) ) | ORDER |
| CRETE MEDICAL CLINIC, P.C., et al., | ) ) | |
| Defendants. | ) | |

This matter is before the court on the defendants', Crete Medical Clinic, P.C., Russell Ebke, M.D., Crete Municipal Hospital; BryanLGH Health System, Inc. and Crete Area Medical Center, Motion to Strike Plaintiffs' Supplemental Designation of Experts (Filing No. 101). The moving defendants did not file a brief or reply brief in support of the motion. The plaintiffs filed an "Opposition to Motion to Strike Witnesses" (Filing No. 105); a brief (Filing No. 106); and a declaration (Filing No. 108) in opposition to the motion.[1]

The moving defendants seek to have the court strike the plaintiffs' Supplemental Disclosure of Experts.[2] The defendants state they are unsure whether the plaintiffs are attempting to add the individuals in the supplemental disclosure as experts. Specifically the defendants contest the addition of Ruth Barnard, M.D., Rudolfo Stevens, M.D., and James Rogers. **See** Filing No. 101. In support of the motion, the defendants contend the deadline for the plaintiffs to add any additional expert witnesses has expired and that no expert reports have been furnished for these new witnesses.

---

[1] The court reminds counsel for the plaintiffs all filings should comply with the local rules, which specifically forbid the filing of an "Opposition" and require any evidence to be filed as part of an index. See NECivR 7.1(b)(1)(A) and 7.1(b)(2).

[2] Although the document, itself, is not a filing in this case, the plaintiffs filed a notice of its service on April 28, 2005. **See** Filing No. 98.

The plaintiffs submit they have no intention to add James Rogers as an expert witness. Additionally, the plaintiffs state Drs. Barnard and Stevens are treating physicians for Angel Dixon. The plaintiffs' counsel attests that after the plaintiffs moved to Texas, Miss Dixon obtained new treating physicians. The plaintiffs contend no expert reports are required of treating physicians pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), however the experts must still be disclosed under Rule 26(a)(2)(A).

The moving defendants noted no other deficiency in the plaintiffs' disclosure which was clearly required by both Rule 26(a)(2)(A) and Rule 26(e). Therefore, the court finds the moving defendants have failed to sustain their burden of showing the motion to strike is warranted. Further, the plaintiffs' counsel states he was not contacted by defendants' counsel prior to filing the motion to strike to clarify any misunderstanding before involving the court. The court urges the defendants' counsel to confer with opposing counsel in the future, especially where the defendants are "uncertain" of the plaintiffs' intentions to designate experts, as they indicated in the present motion. Upon consideration,

**IT IS ORDERED:**

The defendants', Crete Medical Clinic, P.C., Russell Ebke, M.D., Crete Municipal Hospital; BryanLGH Health System, Inc. and Crete Area Medical Center, Motion to Strike Plaintiffs' Supplemental Designation of Experts (Filing No. 101) is denied.

DATED this 29th day of June, 2005.

BY THE COURT:

s/Thomas D. Thalken  
United States Magistrate Judge