IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL DAWN DIXON, et al., | ) | |
| | ) | 8:03CV496 |
| Plaintiffs, | ) | |
| | ) | SECOND AMENDED |
| vs. | ) | FINAL PROGRESSION ORDER |
| | ) | |
| CRETE MEDICAL CENTER, P.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

These matters are before the court on three motions of defendants Crete Medical Center, P.C., Russell Ebke, M.D., Crete Memorial Hospital and Crete Area Medical Center: Motion to Compel (Filing No. 128), Motion to Continue Amended Final Progression Order (Filing No. 129), and Motion for Additional Time for *Daubert* Motions and for Leave to Conduct Additional Depositions and to Continue Deposition Deadline (Filing No. 137). The court heard the motions on August 26, 2005. During the hearing, the parties agreed the Motion to Compel is moot. Upon consideration,

**IT IS ORDERED:**

1. The Motion to Compel (Filing No. 128) is denied as moot.

2. The Motion to Continue Amended Final Progression Order (Filing No. 129) and the Motion for Additional Time for *Daubert* Motions and for Leave to Conduct Additional Depositions and to Continue Deposition Deadline (Filing No. 137) are granted as set forth below.

3. Any motion requesting trial by jury shall be filed **on or before October 1, 2005**.

4. The number of depositions to which the defendants, as a group, are limited is increased to **twenty-six (26) depositions** in this case.

5. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **January 9, 2006**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be

used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

6. **Disclosure of Expert Witnesses.**[1]  If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose additional expert witnesses not later than **December 1, 2005**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of deposition. Supplementation of these disclosures, if originally made prior to this deadline, shall be made on this deadline as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

7. **Pretrial Disclosures.**  Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

   A. **Nonexpert Witnesses - On or before December 1, 2005:**  The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   B. **Deposition Testimony and Discovery - On or before March 6, 2006:**  1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it

---

[1] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" within the meaning of Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

intends to offer. Such designations and any objections thereto shall also be included in the final pretrial conference order. **See** NECivR 16.2.

    **C.** **Trial Exhibits - On or before March 6, 2006:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits. The parties shall also designate on the list those exhibits it may offer only if the need arises.

    **D.** **Waiver of Objections** - Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

    **E.** **Filing of Disclosures** - The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

8.   **Motions in Limine.**

    **A.** *Daubert* **Motions** - Any motion *in limine* challenging the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed **on or before February 1, 2006**, in the absence of which any objection based upon said rule shall be deemed waived. **See Kumho Tire Co., Ltd. v. Carmichael**, 526 U.S. 137 (1999); **Daubert v. Merrell Dow Pharms.**, 509 U.S. 579 (1993).

    **B.** **Any other** motions *in limine* shall be filed not later than **March 15, 2006**.

9.   **The Final Pretrial Conference** with the undersigned magistrate judge is set for **March 24, 2006, at 9:00 a.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2. By the time of the pretrial conference, full

preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

10.  **Trial** is set to commence **at 8:30 a.m. on April 10, 2006,** in Omaha, Nebraska, before the undersigned magistrate judge.

11.  **On or before January 20, 2006**, the parties are to provide a status report regarding settlement negotiation. The report shall be in the form of a letter to the court from the plaintiff on behalf of all of the parties.

12.  **Motions to Alter Dates.** All requests for changes of date settings shall be directed to the undersigned magistrate judge by appropriate motion.

DATED this 29th day of August, 2005.

BY THE COURT:

 s/Thomas D. Thalken
 United States Magistrate Judge