IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL DAWN DIXON, a minor child by and through her natural mother and MISTY ATKINSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:03CV496 |
| vs. | ) ) | ORDER |
| CRETE MEDICAL CLINIC, P.C., et al., | ) ) | |
| Defendants. | ) | |

This matter is before the court on the defendants', Crete Medical Center, P.C., Russell Ebke, M.D., Crete Memorial Hospital, BryanLGH Health Systems, Inc. and Crete Area Medical Center, Motion for Protective Order or, in the Alternative, Motion to Strike (Filing No. 159).[1] Since the motion was filed, the parties took the deposition of the subject physician and the only issue remaining is the amount of a reasonable fee for the deponent.

The moving defendants attached an index of evidence to the motion and filed a Declaration (Filing No. 160), but did not file a brief. The plaintiff filed an opposing brief (Filing No. 161) and Declaration (Filing No. 162). The defendant City of Crete did not participate in briefing the motion. On December 29, 2005, the court held a hearing on the motion with counsel for all parties participating.

**FACTUAL BACKGROUND**

This case arises out of the medical care given to the plaintiff Angel Dawn Dixon (Angel) associated with her birth on May 13, 1998. The plaintiffs allege Angel's mother, Misty Atkinson who was fifteen years old at the time, had an uncomplicated pregnancy until two weeks before delivery when she was confined to strict bed rest due to hypertension. On the third day after her due date, Ms. Atkinson's membranes were

---

[1] During the hearing, the moving defendants withdrew the portion of the motion seeking to strike the plaintiffs' expert witness.

ruptured at 7:30 a.m.  Later an abnormal fetal monitor strip developed and labor was induced.  Angel was delivered using a vacuum extractor, which injured Angels' skull causing bleeding into the scalp and brain and resulting in brain damage and other injuries.  Angel was treated for meconium aspiration.  The plaintiffs allege the defendants were negligent in the treatment of the plaintiffs by (1) failing to properly monitor and manage the pregnancy, labor, and delivery; (2) failing to advise Ms. Atkinson of the risks of using a vacuum extractor; (3) failing to provide Ms. Atkinson with a Caesarean Section delivery; (4) failing to timely perform a Caesarean Section delivery; and (5) using excessive force in performing the vacuum extractor operation.  **See** Filing No. 1.

On December 8, 2005, the plaintiffs offered Dr. Michael Cardwell for a deposition to be taken on December 19, 2005, noting Dr. Cardwell's deposition fee is $5,000 to paid in advance.  **See** Filing No. 159, Exhibit 1.  On December 13, 2005, the plaintiffs' counsel informed the defendants that if the fee were not paid by December 14, 2005, Dr. Cardwell would not be available for deposition on December 19.  ***Id.*** Exhibit 2.  On December 14, 2005, counsel conferred about the fee and counsel for the plaintiffs stated Dr. Cardwell would not compromise.  **See** Filing No. 160, ¶ 5.  The plaintiffs' counsel paid Dr. Cardwell the $5,000 fee to reserve the deposition date.  **See** Filing No. 162, Exhibit 22.  On the same date, the defendants filed the instant motion seeking relief from paying the fee, as unreasonable, and the condition of immediate payment.  **See** Filing No. 159.  The moving defendants took Dr. Cardwell's deposition on December 19, 2005, starting at 1:00 p.m.  **See** Filing No. 164 (Notice of Deposition).

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(4)(C) provides that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision. . . ."  ***Id.*** "The purpose of the rule is to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement."  ***United States v. City of Twin Falls, Idaho***, 806 F.2d 862, 879 (9th Cir. 1986); **see *Hurst v. United***

*States*, 123 F.R.D. 319, 321 (D. S.D. 1988); Fed. R. Civ. P. 26(b)(4)(C) advisory committee's note, 1970 amendment. "Ideally, [the rule] seeks to calibrate the fee so that plaintiffs will not be hampered in efforts to hire quality experts, while defendants will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Hurst*, 123 F.R.D. at 321.

The defendants do no assert "manifest injustice" would result from the payment of a fee. Instead, the moving defendants contend the fee sought by the deponent is not a reasonable fee. When deciding what constitutes a reasonable fee, courts have considered several factors including: (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. **See *Massasoit v. Carter***, 227 F.R.D. 264, 265 (M.D.N.C. 2005); ***Jochims v. Isuzu Motors, Ltd.***, 141 F.R.D. 493, 495-96 (S.D. Iowa 1992); **see also** Fed. R. Civ. P. 26(b)(4)(C). "The weight to be given any one of the factors in a particular case depends, of course, on the circumstances before the court." ***Goldwater v. Postmaster General of U.S.***, 136 F.R.D. 337, 340 (D. Conn. 1991); **see *New York v. Solvent Chemical Co., Inc.***, 210 F.R.D. 462, 468 (W.D.N.Y. 2002). "The party seeking reimbursement of deposition fees bears the burden of proving reasonableness. If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee." ***Solvent Chemical Co.***, 210 F.R.D. at 468 (internal citation omitted).

The moving defendants state other deposition fees for doctors in this matter are $300 to $500 per hour; a flat $1,000; or $1,600 for the first two hours and $400 thereafter. **See** Filing No. 160 ¶ 6 and attached exhibits. However, the defendants do not suggest a particular fee amount for Dr. Cardwell. The plaintiff shows one other doctor in this case, Dr. Benjamin Gelber, charges $1,500.00 for 1 1/2 hours of service during a deposition,

which amount must be prepaid. **See** Filing No. 162, Exhibit 27. Dr. Gelber is a neurological and spinal surgeon. *Id.*

The plaintiffs state Dr. Cardwell serves as multiple witnesses in this case based on his experience and qualifications. The court has reviewed the curriculum vitae of Dr. Cardwell. **See** Filing No. 162, Exhibit 26. Dr. Cardwell is a perinatologist with a Master of Public Health, a Master of Business Administration and a Juris Doctor. Dr. Cardwell has been in private practice since 1990. He is currently the Director of Maternal Fetal Medicine at St. Vincent Mercy Medical Center in Toledo, Ohio. Previously he was the Director of Maternal Fetal Medicine at St. Charles Mercy Hospital (2001-2002); Riverside Mercy Hospital (1996-2000); St. Vincent Mercy Medical Center (1991-1996); Department of Obstetrics-Gynecology, The Toledo Hospital (1990-1992); Chief of Obstetrics, Assistant Professor of Obstetrics and Gynecology at the University of Missouri-Columbia (1988-1990); Baptist Hospital (1986-1988); and Rockford Memorial Hospital (1984-1986). Dr. Cardwell is licensed to practice medicine in Indiana, Texas, Tennessee, Missouri, Ohio, Michigan and Montana. Dr. Cardwell has specialities in maternal-fetal medicine, obstetrics-gynecology, obstetrical ultrasound, preventative medicine, quality assurance and utilization review, medical management, legal medicine and forensic medicine.

The plaintiffs have failed to meet the burden of showing $5,000 is a reasonable rate for the half-day deposition of Dr. Cardwell. Such a rate is not reasonable as contemplated by the Federal Rules of Civil Procedure, the case law interpreting the term or the evidence before the court. The court has reviewed Dr. Cardwell's curriculum vitae, but could not compare it to the other physicians in this matter. The only information given about the other physicians/experts was the rates they charge for deposition testimony. However, the record shows the next highest paid doctor, at a rate of $1,000 per hour, is Dr. Gelber who is in the practice of neurological and spinal surgery. Under the circumstances and based on the factors listed above, the court concludes a reasonable deposition fee for Dr. Cardwell's half-day deposition is $3,000. Accordingly, the moving defendants will be ordered to compensate the plaintiffs for the deposition of Dr. Cardwell in the amount of $3,000. Upon consideration,

**IT IS ORDERED:**

The defendants', Crete Medical Center, P.C., Russell Ebke, M.D., Crete Memorial Hospital, BryanLGH Health Systems, Inc. and Crete Area Medical Center, Motion for Protective Order or, in the Alternative, Motion to Strike (Filing No. 159) is granted in part and denied in part as follows:

a.   The part of the motion seeking to strike the expert witness is denied as moot.

b.   The part of the motion seeking a protective order setting a reasonable fee is granted. A reasonable fee for the deposition of Dr. Cardwell is $3,000, which is the amount the defendant is to compensate the plaintiff for the December 19, 2005 deposition.

DATED this 3rd day of January, 2005.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge