IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL DAWN DIXON, a minor child by and through her natural mother and MISTY ATKINSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:03CV496 |
| vs. | ) ) | ORDER |
| CRETE MEDICAL CLINIC, P.C., et al., | ) ) | |
| Defendants. | ) | |

This matter is before the court on the defendants', Crete Medical Center, P.C., Russell Ebke, M.D., Crete Memorial Hospital, BryanLGH Health Systems, Inc. and Crete Area Medical Center, Motion to Compel (Filing No. 197) and Motion for Protective Order (Filing No. 198). The plaintiffs oppose both motions. The defendant City of Crete did not participate in briefing the motions. The motions are unrelated and will be addressed separately below.

**FACTUAL BACKGROUND**

This case arises out of the medical care given to the plaintiff Angel Dawn Dixon (Angel) associated with her birth on May 13, 1998. The plaintiffs allege Angel's mother, Misty Atkinson who was fifteen years old at the time, had an uncomplicated pregnancy until two weeks before delivery when she was confined to strict bed rest due to hypertension. On the third day after her due date, Ms. Atkinson's membranes were ruptured at 7:30 a.m. Later an abnormal fetal monitor strip developed and labor was induced. Angel was delivered using a vacuum extractor, which injured Angels' skull causing bleeding into the scalp and brain and resulting in brain damage and other injuries. Angel was treated for meconium aspiration. The plaintiffs allege the defendants were negligent in the treatment of the plaintiffs by (1) failing to properly monitor and manage the pregnancy, labor, and delivery; (2) failing to advise Ms. Atkinson of the risks of using a vacuum extractor; (3) failing to provide Ms. Atkinson with a Caesarean Section delivery; (4) failing to timely

perform a Caesarean Section delivery; and (5) using excessive force in performing the vacuum extractor operation.  **See** Filing No. 1.

The pretrial conference is scheduled for March 27, 2006, and trial begins April 10, 2006.  **See** Filing Nos. 143 and 144.  The deposition and discovery deadline was March 10, 2006.  **See** Filing No. 175.  The moving defendants filed both of their motions on February 28, 2006.

## ANALYSIS

### A.   Motion to Compel

The moving defendants seek to compel the plaintiff Angel Dixon to submit to an Independent Medical Examination (IME) performed by Dr. Bradley Schaefer, a geneticist.  **See** Filing No. 197.  In support of the motion, the defendants filed an index of evidence.  *Id.*  In opposition, the plaintiffs filed an index of evidence including the affidavit of counsel.  **See** Filing Nos. 203 and 204.

The defendants contend the plaintiffs have raised issues regarding growth, development and neurologic abnormalities in Angel Dixon which, they allege, occurred at the time of birth.  The defendants argue there are other causes for the abnormalities including some genetic factors.  The defendants state the plaintiffs have failed to "commit to any date" for the IME despite numerous attempts by the defendants.  Based on the parties' inability to schedule the IME, the defendants seek a court order compelling the plaintiffs to produce Angel Dixon for an IME at the office of Bradley Schaefer.

The plaintiffs do not deny an IME is appropriate, however imply the defendants have failed to schedule the IME.  **See** Filing No. 203, Madgett Affidavit.  The plaintiffs had asked to schedule the deposition of Ms. Atkinson and the IME of Angel Dixon on the same or adjacent days.  On October 3, 2005, November 7, 2005 and November 29, 2005, counsel for the plaintiffs sent letters asking when the defendants would like to schedule the IME and deposition.  **See** *id.* Exhibits B -D.  On December 6, 2005, counsel for the plaintiffs sent a letter indicating Ms. Atkinson would be available for her deposition on December 20, 2005.  *Id.* Exhibit E.  At that time, counsel for the plaintiffs was under the impression the defendants no longer sought to conduct an IME of Angel Dixon.  *Id.* Madgett Affidavit ¶ 5.

During the deposition, Ms. Atkinson stated she was expecting the birth of a another baby due on March 17, 2006.  **See** *id.* Exhibit A.

On February 10, 2006, the defendants' attorney informed the plaintiffs' attorney that Dr. Schaefer would be available in the morning on either February 22 or 23 to conduct the IME of Angel Dixon, asking for confirmation.  **See** *id.* Madgett Affidavit ¶ 7; Filing No. 197, Exhibit 1.  On February 15 and 17, 2006, counsel for the defendants again requested confirmation of either February 22 or 23, 2006.  **See** Filing No. 197, Exhibits 2 and 3.  On February 21, 2006, the plaintiffs informed the defendants that Ms. Atkinson was advised she should be on bed rest due to dehydration.  **See** *id.* Exhibit 4.  On February 23, 2006, counsel for the plaintiffs asked about re-arranging the IME and asked if it could occur in Kearney, Nebraska.  **See** Filing No. 203, Exhibit G.  On February 24, 2006, Ms. Atkinson gave birth.  **See** *id.* Madgett Affidavit ¶ 12.  On February 27, 2006, counsel for the defendants stated the IME would have to take place in Omaha and if counsel for the plaintiffs provided dates when Angel Dixon was available, counsel would "try and get it scheduled."

The defendants filed the motion to compel on February 28, 2006.  On March 6, 2006, the plaintiffs filed their response.  Similarly, on March 6, 2006, the plaintiffs proposed several dates for the IME, including March 8, 9, 13-16, 20-23.  **See** *id.* Exhibit H.  The defendants did not file a reply.

It is unclear to the court why the defendants bring this scheduling matter to the court for resolution.  Federal Rule of Civil Procedure 37 provides the means for a party to apply for an order compelling discovery if a party fails to allow such discovery as required under the rules.  At no time did the plaintiffs refuse the IME.  It appears from the correspondence between counsel that the plaintiffs' counsel continued to attempt to schedule the IME, even if such responses were not as quick as desired by the defendants and frustrated by the pregnancy and birth of Ms. Atkinson's second daughter.  Under the circumstances the court will not enter an order compelling the plaintiffs to do something they have clearly agreed to.  Further, the court will not impose a date on either party for the IME

Because the moving defendants failed to show "that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable

to reach an accord," (NECivR 7.1(I)) the defendants' motion to compel is denied. There is no evidence before the court there is an actual dispute between the parties or that the plaintiffs are attempting to thwart the scheduling of an IME. Counsel must continue to use diligence in scheduling the IME at the convenience of Dr. Schaefer.

**B.     Motion for Protective Order**

An order protecting a party from the taking of discovery is granted only upon a showing of good cause. **See** Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. ***Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2***, 197 F.3d 922, 926 (8th Cir. 1999). In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." ***Gulf Oil Co. v. Bernard***, 452 U.S. 89, 102 n.16 (1981) (**quoting** 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970)); ***Miscellaneous Docket Matter***, 197 F.3d at 926. Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted. **See** ***Frideres v. Schiltz***, 150 F.R.D. 153, 156 (S.D. Iowa 1993). The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense." Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." ***General Dynamics Corp. v. Selb Mfg. Co.***, 481 F.2d 1204, 1212 (8th Cir. 1973) (**citing** ***United States v. Kordel***, 397 U.S. 1, 4-5 (1970)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." ***Seattle Times Co. v. Rhinehart***, 467 U.S. 20, 36 (1984); ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 362 (8th Cir. 2003).

The moving defendants seek an order prohibiting the plaintiffs from taking the trial deposition of Dr. Abraham Scheer on March 7, 2006. **See** Filing No. 198. In support of the motion, the defendants filed an index of evidence. ***Id.*** In opposition, the plaintiffs filed an index of evidence including two declarations. **See** Filing Nos. 200-202. The defendants filed a declaration in reply. **See** Filing No. 205.

The defendants contend Dr. Scheer's testimony is critical to the trial of this case. The defendants state they were attempting to schedule Dr. Scheer's deposition since at least December 2005, however no date was given until February 23, 2006. On February 23, 2006, counsel for the plaintiffs indicated that Dr. Scheer's deposition would be scheduled for March 7, 2006. **See** Filing No. 200, Exhibit H. On February 27, 2006, counsel for the defendants asked for additional dates, besides the March 7, 2006 date because of a scheduling conflict for lead trial counsel. **See** Filing No. 198, Exhibit 4. Also, on February 27, 2006, counsel for the plaintiff sent a letter stating that March 7, 2006, was the only date that Dr. Scheer was available for a deposition and that he would not be available for trial. **See** *id.* Exhibit 5. The same date, the plaintiffs filed a notice of deposition for Dr. Scheer to be taken March 7, 2006. **See** Filing No. 195. On February 28, 2006, the defendants filed the instant motion for protective order.

The plaintiffs contend that the defendants did not say all counsel, either in this case or in the firm, could not attend the March 7, 2006 deposition, only that lead counsel could not attend. **See** Filing No. 200, Madgett Affidavit ¶ 1. The plaintiffs provide evidence that Dr. Scheer is only available on March 7, 2006, due to a change in his practice. *Id.* ¶ 2; Filing No. 201. Otherwise, Dr. Scheer would not be available until after the date currently scheduled for trial. *Id.* Additionally, the plaintiffs state the defendants have already taken a two-hour deposition of Dr. Scheer. *Id.* ¶ 3 and Exhibit C. Further, while Dr. Scheer was scheduled to complete his deposition, the deposition was canceled due to non-payment of the first deposition and failure to pre-pay for the second. *Id.* ¶ 4.

The defendants respond that the plaintiffs failed to make cooperative efforts at scheduling Dr. Scheer's deposition and that another attorney, inexperienced or unfamiliar with the case, should not be required to attend the trial deposition. Additionally, the defendants assert they were not told Dr. Scheer would not be available for trial until February 27, 2006, although the plaintiffs should have known since the first part of January, 2006. Finally, the defendants contend the deposition notice does not comply with Rule 32.

Pursuant to Federal Rule of Civil Procedure 32(a) "nor shall a deposition be used against a party who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order. . . " The deposition notice

5

was filed on February 27, 2006, for the March 7, 2006 trial deposition.  **See** Filing No. 195. The next day the defendants filed the motion for protective order.  The notice given was less than 11 days and the defendants promptly moved for a protective order.  In connection with the rule, the defendants did not have reasonable notice of the deposition for such deposition's use at trial.  Further, although the defendants have already taken a two-hour deposition of this witness, sufficient time for preparation should be allowed to trial counsel for a trial deposition.  Accordingly, the court finds the defendants have shown good cause and that their motion for a protective order should be granted.

Upon consideration of the defendants' motions together and under the circumstances, the court finds no award of sanctions pursuant to Federal Rule of Civil Procedure 37(a)(4)(c) is warranted against either party.

**IT IS ORDERED:**

1. The defendants', Crete Medical Center, P.C., Russell Ebke, M.D., Crete Memorial Hospital, BryanLGH Health Systems, Inc. and Crete Area Medical Center, Motion to Compel (Filing No. 197) is denied.

2. The defendants', Crete Medical Center, P.C., Russell Ebke, M.D., Crete Memorial Hospital, BryanLGH Health Systems, Inc. and Crete Area Medical Center, Motion for Protective Order (Filing No. 198) is granted.

DATED this 21st day of March, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge